IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| MIDAMERICA NATIONAL BANK, | ) ) ) |
| *Defendant.* | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, NATIONWIDE GENERAL INSURANCE COMPANY ("Nationwide"), by and through its attorneys, Christopher J. Pickett and David N. Larson of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §2201, against Defendant, MIDAMERICA NATIONAL BANK ("MidAmerica"), states as follows:

**Introduction**

1. Nationwide seeks a declaration that it does not owe MidAmerica any payment as loss payee under a businessowners policy issued by Nationwide to 6449 South Langley LLC ("Langley") for a fire loss occurring at the apartment building located at 6449 S. Langley Ave in Chicago, Illinois (the "property"). Particularly, MidAmerica's claimed interest under the policy arises from a specific loan identified on the policy's Change of Declarations Endorsement which was subsequently satisfied following a change in ownership of the property, thereby extinguishing the specific mortgage interest giving rise to MidAmerica's loss payee status and interest in the policy. As a result, MidAmerica is not entitled to any payment for the fire loss under the policy.

**The Parties**

2. Nationwide is an Ohio corporation with its principal place of business located in Ohio and is therefore a citizen of the State of Ohio.

3. MidAmerica is a national bank with its principal place of business located in Canton, Illinois and is therefore a citizen of the State of Illinois.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Nationwide and MidAmerica, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois, Eastern Division.

6. This Court has personal jurisdiction over MidAmerica because it is a citizen of Illinois.

7. An actual controversy exists between the parties, and pursuant to 28 U.S.C. § 2201, this Court has the authority to grant the relief requested.

**The Loss**

8. On January 26, 2022, a fire damaged several units in the apartment building located on the property.

**The Nationwide Policy**

9. Nationwide issued a Businessowners Policy to Langley, Policy No. ACP BP013200364158, and effective from April 4, 2021, to April 4, 2022 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

10. The Policy is intended to be interpreted as a whole, but for the convenience of the Court and counsel, Nationwide sets forth certain pertinent provisions.

11. There may be other pertinent provisions in the Policy, and Nationwide reserves the right to plead them in the future.

12. The Policy contains a Premier Businessowners Coverage Form, providing in relevant part:

### PREMIER BUSINESSOWNERS PROPERTY COVERAGE FORM

***

**A. COVERAGES**

We will pay for direct physical loss of or damage to Covered Property at the described premises in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. COVERED PROPERTY**

Covered Property includes Buildings as described under paragraph a. below, Business Personal Property as described under paragraph b. below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. ***

a. **Buildings,** meaning the described buildings and structures at the described premises[.]***

13. The property where the loss occurred is a described premises in the Declarations.

14. The Businessowners Coverage Form further provides, in pertinent part:

**F. PROPERTY GENERAL CONDITIONS**

The following conditions apply in addition to the COMMON POLICY CONDITIONS.

2. **Mortgageholders**

***

      b.      We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.

\*\*\*

15. The Policy contains a Change of Declarations endorsement designating MidAmerica as loss payee on the Policy and providing as follows:

**PREMIER BUSINESSOWNERS POLICY**

**CHANGE OF DECLARATIONS ENDORSEMENT**

\*\*\*

**Mortgagee or Loss Payee**

**ADDED:**

MIDAMERICA NATIONAL BANK – MACOMB
130 N. SIDE SQUARE
MACOMB, IL

Additional Interest Type: Mortgage
Loan Number: 9001

16. The Policy further contains a Loss Payable Provisions endorsement providing, in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LOSS PAYABLE PROVISIONS**

This endorsement modifies insurance provided under the following:
PREMIER BUSINESSOWNERS PROPERTY COVERAGE FORM

The following is added to Section E. PROPERTY LOSS CONDITIONS, paragraph 5. Loss Payment:

**A.    LOSS PAYABLE**

    If the Loss Payee shown in the Declarations on the Schedule of Mortgagees And Loss Payees is a loss payable for Covered Property in which both you and a Loss Payee have an insurable interest, the following provision applies.

We will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

\*\*\*
### MidAmerica's Mortgage Loan to Langley

17. On or about April 12, 2021, MidAmerica issued Langley a mortgage loan for the property, which was subsequently recorded with the Cook County Clerk's Office. A true and correct copy of the recorded mortgage loan is attached hereto as **Exhibit B**.

### Nationwide Issues Payment for the Loss to Langley

18. The loss was reported to Nationwide on January 26, 2022.

19. On the same day, Langley's broker requested that MidAmerica be added as loss payee on the Policy in connection with the mortgage loan issued to Langley.

20. Unaware of the policy change adding MidAmerica as loss payee on the Policy, Nationwide's claims department paid the claim amount of $556,499 to Langley.

### The Mortgage Loan to Langley is Satisfied

21. On or about July 10, 2025, MidAmerica issued 6449 South Langley Investors, LLC ("Langley Investors") a new mortgage loan for the property, which was subsequently recorded with the Cook County Clerk's Office. A true and correct copy of the recorded mortgage loan issued to Langley Investors is attached hereto as **Exhibit C**.

22. On or about July 16, 2025, following satisfaction of the mortgage loan issued to Langley, MidAmerica executed a mortgage release (the "mortgage release"). A true and correct copy of the mortgage release is attached hereto as **Exhibit D**.

**MidAmerica's Claim**

23. Over three years after the loss, on May 9, 2025, MidAmerica sought payment for the loss from Nationwide as loss payee on the Policy.

24. On August 26, 2025, MidAmerica advised Nationwide's counsel that the loan identified on the Policy had been internally refinanced to accommodate a change in ownership of the property. A true and correct copy of the August 26, 2025 correspondence are attached hereto as **Exhibit E**.

25. After additional inquiry, on October 2, 2025, MidAmerica further advised Nationwide's counsel that Langley was not a party to the new mortgage. A true and correct copy of the October 2, 2025 correspondence is attached hereto as **Exhibit F**.

### Count I

**Nationwide Does Not Owe Any Payment for the Loss to MidAmerica as Loss Payee on the Policy**

26. Nationwide incorporates and re-alleges paragraphs 1-25 as if set forth fully herein.

27. Nationwide does not owe any payment for the loss to MidAmerica as a loss payee on the Policy because the specific loan identified on the Policy was satisfied, thereby extinguishing the mortgage interest giving rise to MidAmerica's loss payee status, and any corresponding entitlement to payment for the loss, under the Policy.

28. Specifically, the Policy's Change of Declarations endorsement designates MidAmerica as a loss payee on the Policy and identifies the specific loan giving rise to MidAmerica's loss payee status as Loan Number 9001.

29. The Businessowners Coverage Form provides that Nationwide "will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear."

6

30. The Policy's Loss Payable Provisions endorsement provides that "[i]f the Loss Payee shown in the Declarations on the Schedule of Mortgagees And Loss Payees is a loss payable for Covered Property in which both [Langley] and a Loss Payee have an insurable interest," then Nationwide will "[p]ay any claim for loss or damage jointly to [Langley] and the Loss Payee, as interests may appear."

31. Over three years after the loss, on May 9, 2025, MidAmerica sought payment for the loss from Nationwide as loss payee on the Policy.

32. However, the loan identified on the Policy was satisfied subsequent to the loss, and Nationwide's Named Insured, Langley, was not a party to the new mortgage.

33. Thus, the specified mortgage interest giving rise to MidAmerica's loss payee status under the Policy issued to Langley was extinguished.

34. As a result, Nationwide does not owe MidAmerica any payment for the loss under the Policy.

WHEREFORE, the Plaintiff, NATIONWIDE GENERAL INSURANCE COMPANY, prays that this Court enter an Order finding and declaring that it does not owe any payment for the loss to Defendant MIDAMERICA NATIONAL BANK as loss payee on the Policy, and granting such other further relief as this Court deems just and proper.

Respectfully submitted,

**LINDSAY, PICKETT & POSTEL, LLC**

By: /s/ Christopher J. Pickett
Christopher J. Pickett, One of the Attorneys
for Nationwide General Insurance Company

Christopher J. Pickett (ARDC 06287096)
David N. Larson (ARDC 6225416)

7

**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
cpickettt@lpplawfirm.com
312-596-7779
dlarson@lpplawfirm.com
312-800-6009